UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TONYA L. BOETTCHER o/b/o J.K.H., | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-523 RLM-MGG |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| DEFENDANT | ) |

OPINION and ORDER

Tonya Boettcher, on behalf of a minor, J.K.H., seeks judicial review of a final decision that J.K.H. was no longer disabled under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.* as of May 1, 2014. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). For the following reasons, the court vacates the Commissioner's decision and remands this case for further proceedings consistent with this opinion.

In 2009, Social Security Administration found J.K.H. disabled as of October 1, 2008. Five years later, SSA found she was no longer disabled as of May 1, 2014. Tonya Boettcher, on behalf of J.K.H., requested reconsideration of that decision, which was denied initially, on reconsideration, and after an administrative hearing at which Ms. Boettcher and J.K.H. testified. Based on the record before him, the ALJ found that J.K.H. demonstrated medical improvement as of May 1, 2014, and, since that date, her impairments didn't functionally

equal the listings, so she wasn't disabled within the meaning of the Social Security Act and wasn't entitled to benefits.

When the Appeals Council denied Ms. Boettcher's request for review, the ALJ's decision became the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 107 (2000); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

The issue before the court isn't whether J.K.H. is disabled, but whether substantial evidence supports the ALJ's decision that she wasn't disabled. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d at 1160. The court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434–435 (7th Cir. 2000), but instead must conduct "a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review."

Jones v. Astrue, 623 F.3d at 1160. ALJs must "sufficiently articulate their assessment of the evidence to assure [the court] that they considered the important evidence and to enable [the court] to trace the path of their reasoning." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (internal quotations omitted).

A child is disabled under the Social Security Act if the child has a physical or mental impairment that causes marked and severe functional limitations and that lasted or is expected to last for more than a year. L.D.R. by Wagner v. Berryhill, 920 F.3d 1146, 1150 (7th Cir. 2019) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)). A child's disability claim is analyzed under a three-step sequential evaluation process: (1) has the child engaged in substantial gainful activity; (2) does the child have "a medically determinable impairment (or combination of impairments) that is 'severe;'" and (3) does the severe impairment or combination of impairments meets, medically equal, or functionally equal the severity of a listing. Id.

To determine if a child's impairment functionally equals a listing, "the ALJ considers six 'domains' of functioning: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting with and relating to other people; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." Id. at 1150–1151 (citing 20 C.F.R. § 416.926a(b)(1)). "Functional equivalence exists, and a child qualifies for benefits, if the ALJ finds a marked difficulty in two domains of functioning or an extreme

3

limitation in one." Murphy v. Astrue, 496 F.3d 630, 633 (7th Cir. 2007). *See also* 20 C.F.R. § 416.926a(d).

Ms. Boettcher presents three issues for review: (1) whether the ALJ erred in his consideration of J.K.H.'s grade point average; (2) whether the ALJ erred in his finding that J.K.H.'s impairments caused a less than marked limitation in attending and completing tasks; and (3) whether the ALJ erred in his finding that J.K.H.'s impairments caused a less than marked limitation in interacting and relating with others. Ms. Boettcher asks the court to either reverse the Commissioner's decision and award benefits or remand the case for further proceedings.

Ms. Boettcher first argues that the ALJ didn't create a logical bridge between the facts and his conclusion when he relied on J.K.H.'s grade point average as evidence of improvement that supported his finding that she wasn't disabled. Ms. Boettcher says the ALJ didn't account J.K.H.'s GPA being inflated by the grades she received from special education classes. The Commissioner responds that the ALJ was aware of and properly considered J.K.H.'s academic setting when discussing her GPA and any error was harmless. The court agrees that even if the ALJ erred, his error was harmless.

The ALJ discussed J.K.H.'s grades, recognized the nature of her days, and noted that she was "receiving special education supports in the least restrictive environment." [Doc. No. 12 at 26]. But in considering J.K.H.'s GPA, the ALJ didn't explicitly recognize that her report cards include a number of "learning

4

strategies" classes which, Ms. Boettcher asserts, were special education classes. J.K.H.'s report card shows that in both sixth and eighth grade she received all As in her "learning strategies" class. Even if the ALJ erred by relying on her GPA, believing it represented her performance in general curriculum courses, any error was harmless. Ms. Boettcher conceded at oral argument that the ALJ found that J.K.H. had a marked limitation in acquiring and using information and didn't argue that she had an extreme limitation in this domain, so any error in considering J.K.H.'s GPA didn't impact the ALJ's determination that she wasn't disabled.

Ms. Boettcher's other two arguments together overlap, so the court addresses them together. She contends that the ALJ erred in finding that J.K.H.'s impairments caused a less than marked limitation in two domains of functioning, attending and completing tasks and interacting and relating with others, because he didn't properly consider evidence suggesting J.K.H.'s limitation in those two domains was more severe than the ALJ found. Because the ALJ found that J.K.H. had a marked limitation in the acquiring and using information domain, a finding that she had a marked limitation in any other domain would have compelled a disability finding. *See* Murphy v. Astrue, 496 F.3d 630, 633 (7th Cir. 2007). See also 20 C.F.R. § 416.926a(d).

The relevant regulation says that the Commissioner will find a marked limitation in a domain "when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. §

5

416.926a(e)(2)(i). J.K.H.'s two special education teachers completed an SSA questionnaire addressing her ability to function in the six domains of functioning. In the "attending and completing tasks" domain, the teachers reported that J.K.H. had "a serious problem" working at a reasonable pace and finishing on time on an hourly basis. The teachers also indicated that J.K.H. had "an obvious problem" in six other areas of the "attending and completing tasks" domain. In the "interacting and relating with others" domain, the teachers reported that J.K.H. had "a serious problem" relating experience and telling stories and introducing and maintaining relevant and appropriate topics of conversation and "an obvious problem" in four other areas. This evidence could support a finding that J.K.H.'s impairments seriously interfered with her ability to attend to and complete tasks and interact and relate with others.

The ALJ gave substantial weight to the teachers' questionnaire and said that it supported a finding that J.K.H. "experienced medical improvement, but that she continues to have marked limitations in her ability to acquire and use information." [Doc. No. 12 at 26]. The Commissioner argues that demonstrates that the ALJ properly considered this evidence. But the ALJ's decision didn't explain why he didn't think the teachers' responses supported a finding that J.K.H. had marked limitations in those domains. When he specifically addressed the "attending and completing tasks" and "interacting and relating with others" domains, he didn't address the questionnaire at all.

An ALJ "must confront the evidence that does not support [his] conclusion

and explain why that evidence was rejected." Taylor v. Colvin, 829 F.3d 799, 802 (7th Cir. 2016) (quoting Moore v. Colvin, 743 F.3d 1118, 1123 (7th Cir. 2014)). *See also* Scrogham v. Colvin, 765 F.3d 685, 698 (7th Cir. 2014) (an ALJ must not only address "evidence in the record that supported her conclusion that [a claimant] was not disabled," while "ignor[ing] related evidence that undermined her conclusion"). Because the ALJ didn't do so, a "logical bridge between the evidence and the [ALJ's] conclusions" allowing the court to "assess the validity of the agency's ultimate findings" is absent and remand is required. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010)

The court VACATES the Commissioner's decision and REMANDS this case for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED:    June 13, 2019

                                            /s/ Robert L. Miller, Jr.
                                         Judge, United States District Court